UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN K. COLEMAN,

        Plaintiff,

        v.                                    Case No. 21-cv-1016-bhl

MILWAUKEE COUNTY JAIL,
HOUSE OF CORRECTIONS,
C.O. HONZIK, CAPTAIN BRIGGS,
JUDGE REBECCA KIEFER,
and UNKNOWN,

        Defendants.

---

# SCREENING ORDER

---

    Plaintiff, Brian K. Coleman, who is currently confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Coleman's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Coleman has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Coleman has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $23.73. Coleman's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

Additionally, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "A party asserting a claim . . . may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Further, joinder of multiple defendants into one case is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss the original complaint for failure to state a claim upon which relief can be granted. First, the Milwaukee County Jail and the House of Corrections are not proper defendants under §1983. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, but a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New*

3

*York*, 436 U.S. 658 (1978), but a jail is not legal entity separate from the county government it serves. *See Miranda v. Milwaukee Cnty Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon Cnty Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). Therefore, Coleman fails to state a claim against Milwaukee County Jail and the House of Corrections.

Second, Coleman's claims against Judge Kiefer fail because judges are generally entitled to absolute immunity under section §1983. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction."). Coleman alleges that Judge Kiefer ordered that he be placed "in an experimental program" referred to as "general population restricted." Dkt. No. 1 at 3. Nothing alleged in the complaint suggests that Judge Kiefer took a judicial action in the absence of all jurisdiction. Therefore, Coleman fails to state a claim against Judge Kiefer.

Third, Coleman has failed to state a Fourteenth Amendment due process claim regarding his "lost property" because adequate post-deprivation remedies exist under Wisconsin state law to resolve property disputes. *See Johnson v. Wallich*, 578 F. App'x. 601, 602 (7th Cir. 2014) (concluding that there is no Fourteenth Amendment due process claim for random and unauthorized deprivations of property in light of Wisconsin state law that has "tort remedies" for damage or conversion of an inmate's personal property and "certiorari review" for property that has been wrongfully taken or detained while incarcerated).

Fourth, Coleman has failed to state a Fourteenth Amendment due process claim regarding not being produced for an injunction hearing. There are no allegations that the staff ignored an order that authorized his release to be present at the hearing and inmates do not have the right to demand that they be released to attend an event. Further, Coleman's main issue seems to be with

4

the state court judge because the judge proceeded with the hearing without him there and ordered a 10-year injunction against him. However, any claim against the judge will fail because proceeding over a hearing and issuing an order on an injunction are quintessential judicial actions, entitling the judge to absolute immunity under section §1983. *See Polzin*, 636 F.3d at 838 ("A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.").

Lastly, Coleman's complaint violates Fed. R. Civ. P. 18 and 20 because it advances unrelated claims against different individuals. Coleman alleges that (1) he was denied access to his property he states is necessary to defending himself in pending cases; (2) tampering with legal mail; (3) he was prevented from accessing the court; (4) conduct by staff raises his anxiety and triggering his PTSD; and (5) exposure to Covid-19. Each of these claims involves different individuals, different underlying facts, and different questions of law. Under Rule 18, a plaintiff cannot pursue unrelated claims against different sets of defendants in a single case. This does not mean that Coleman cannot pursue all the claims he asserts in his complaint; it means only that he must pursue unrelated claims against different sets of defendants in separate cases. As a reminder, plaintiffs are required to pay a filing fee for each case they file.

The Court will allow Coleman to file an amended complaint that names proper defendants and complies with Rules 18 and 20. As he decides which of his claims he would like to pursue, the Court reminds him that, under §1983, only individuals who were personally responsible for a constitutional violation will be held liable. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). In other words, there is no vicarious liability under §1983, so supervisors are not liable for the alleged misconduct of their subordinates, employers are not liable for the alleged misconduct of their employees, and employees are not liable for the alleged misconduct of their co-workers. *See*

5

*Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). The only time a supervisor will be liable for a subordinate's misconduct is if the supervisor is personally involved by directing or consenting to the misconduct. For example, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye" for fear of what he or she might see. *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir.1988)). "[S]upervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Jones*, 856 F.2d at 992.

Further, Coleman should take care to comply with Rule 8 and include enough factual allegations to allow the Court to reasonably infer that an individual violated his rights as he asserts. Legal conclusions are insufficient to state a claim. So, for example, merely stating that a search was improper will not suffice. To state a claim, the complaint must include allegations about how and/or why the search occurred, so the Court can reasonably infer that the search was improper.

The Court will provide Coleman with an amended complaint form, which he must use. If he chooses to file an amended complaint, he must do so by **March 1, 2022**. If he does not want to proceed with this case, he does not have to take any further action. If he does not file an amended complaint by the deadline (or explain to the Court why he is unable to do so), the Court will dismiss this case and assess a strike under 28 U.S.C. §1915(g) based on his failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Coleman's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that on or before **March 1, 2021**, Coleman shall file an amended complaint curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Court mail Coleman a prisoner amended complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Coleman shall collect from his institution trust account the $326.27 balance of the filing fee by collecting monthly payments from Coleman's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Coleman is transferred to another institution, the transferring institution shall forward a copy of this Order along with Coleman's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Coleman is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Coleman is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 31, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge