UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN K. COLEMAN,

        Plaintiff,

        v.                                      Case No. 21-cv-1016-bhl

MILWAUKEE COUNTY JAIL, et al.,

        Defendants.

---

## ORDER

---

        Plaintiff Brian K. Coleman, who is confined in the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. Dkt. No. 1. On January 31, 2022, the Court screened and dismissed the original complaint for failure to state a claim upon which relief can be granted. Dkt. No. 15. Among other things, the Court concluded that Coleman did not have a Fourteenth Amendment due process claim regarding the failure to produce him for an injunction hearing in his state court family law case. *Id*. at 4-5. The Court explained that inmates do not have a constitutional right to demand that they be released to attend an event, and to the extent the state court judge entered an order against Coleman due to his failure to appear for the injunction hearing, judges are entitled to absolute immunity for quintessential judicial actions. *Id*. The Court then gave Coleman an opportunity to file an amended complaint to attempt to state a different claim. *Id*. at 5. The Court identified several other possible claims including First Amendment tampering with legal mail and/or denial of access to the courts and Eighth Amendment deliberate indifference in relation to his PTSD and

exposure to Covid-19. *Id*. The Court ordered Coleman to file an amended complaint by March 1, 2022, if he wanted to proceed with the case. *Id*. at 6.

On March 14, 2022, Coleman filed an amended complaint. Dkt. No. 16. Coleman's amended complaint focuses solely on the previously dismissed Fourteenth Amendment due process claim related to his state court injunction hearing. *Id*. Coleman names as defendants the Milwaukee County Jail and Milwaukee County, along with jail staff he told about the injunction hearing (Jane Doe A and Jane Doe B) and their supervisors (CO Honzik and Captain Briggs). *Id*. at 2-5. Coleman states that, on May 17, 2021 and May 18, 2021, he told Jane Doe A and Jane Doe B several times that he had an injunction hearing on May 18, 2021. *Id*. at 2-3. He explains that he then skipped a medical appointment on May 18, 2021 because he knew he had an injunction hearing later in the day. *Id*. at 3. He then explained to jail staff that he refused the medical appointment because of that injunction hearing. *Id*. Coleman states that everyone he talked to about his injunction hearing "acknowledged" what he said and implied that they would "inform" CO Honzik and Captain Briggs, but ultimately no one made sure that he got to the injunction hearing. *Id*. at 3-4. As a result, the state court judge entered a 10-year injunction against him in his family law case. *Id*. at 4-5.

The Fourteenth Amendment due process clause applies to deprivations of "life, liberty, or property." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). As explained in the prior order, Coleman does not have a Fourteenth Amendment due process claim with respect to missing his injunction hearing in state court because no one associated with the jail denied him of life, liberty, or property. They simply ignored his verbal demands to leave the jail immediately, which they were entitled to do. Jails have procedures in place that organize inmate court appearances. Coleman did not follow the jail's procedures to organize his court appearance for May 18, 2021 and he instead verbally

2

demanded to leave the jail to appear for court, less than 24 hours before the actual court appearance. The jail was not able to accommodate this verbal request and there is nothing unconstitutional about that occurring. Indeed, as noted in the prior screening order, jail staff were not even required to *believe* Coleman when he verbally told them about his court appearance. In the absence of an order officially authorizing his release from jail, jail staff were not obligated to simply believe his repeated demands to leave the jail immediately. Toward that end, his amended complaint still does not allege that he presented anyone with an order that officially authorized his release from jail on May 18, 2021. *See* Dkt. No. 1. Thus, Coleman fails to state a claim for relief against any of the named defendants.

The Court notes that it is *possible* that the terms of the injunction may have caused Coleman to lose a "liberty" interest in associating with his family, but again, no one associated with the jail deprived him of that right. Only a judge can limit that right, and judges are entitled to absolute immunity for quintessential judicial actions, such as ruling on a motion for an injunction. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). If Coleman believes that the state court judge erred in his or her decision to enter an injunction without allowing him to be heard, he can file a motion to reconsider with that judge or he can file an appeal with the Wisconsin Court of Appeals. This federal court is not the appropriate judicial body to remedy the issue Coleman brings forth in his amended complaint. Therefore, the Court will dismiss this case for failure to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on April 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.